**Order filed April 7, 2022**



### In The

# Eleventh Court of Appeals

_____

## No. 11-21-00145-CR

_____

## DANIEL RAY GARCIA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 106th District Court**

**Gaines County, Texas**

**Trial Court Cause No. 19-5086**

### O R D E R

Appellant, Daniel Ray Garcia, represents himself in this appeal and has filed numerous motions complaining of the contents of both the clerk's record and the reporter's record in this appeal. In a motion filed in this court on March 11, 2022, Appellant asserts that pretrial motions are missing from the clerk's record. In a motion filed on March 17, 2022, Appellant disputes the accuracy and completeness of the clerk's record and asks that we remand this cause to the trial court for further proceedings regarding the appellate record. In a motion filed on March 31, 2022,

Appellant complains of omissions from the reporter's record and specifically alleges that "all my statement or anything I say on the record is cut out." Because Appellant's brief is currently due to be filed in this court on May 6, 2022, and because Appellant complains about the state of the appellate record, we abate this appeal and remand the cause to the trial court so that the trial court may conduct a hearing on these matters and, hopefully, enlighten this court regarding the appellate record that has been filed in this cause.

We have reviewed Appellant's complaints in the above-mentioned motions. We have also reviewed the 777-page clerk's record and the twenty volumes of the reporter's record that contain a transcription of the pretrial hearings and the trial. Upon reviewing the pretrial hearings and comparing the motions mentioned in those hearings with the motions filed in the clerk's record in this cause, we were unable to locate the following motions in the clerk's record:

1. Motion for Hearing Prior to Trial Pursuant to 705 of the Texas Rules of Evidence, which was filed in February 2020;

2. Writ of Habeas Corpus, which was filed on February 18, 2020;

3. Motion in Limine, which was filed on March 4, 2020;

4. Motion to Dismiss, which was filed on March 25, 2020;

5. Motion to Suppress Evidence, which was filed on March 25, 2020;

6. Motion for Discovery of Criminal Records of All State's Witnesses, which was filed on October 13, 2020;

7. Motion for Pretrial Hearing under Article 28.01 of the Texas Code of Criminal Procedure, which was filed on April 13, 2021;

8. Motion to Request Officer Matthew B. Zalewski . . . Body Worn Camera . . . Recordings as Evidence, which was filed on an unspecified filing date; and

9. Motion for Request of Dash Cam, which was filed on an unspecified filing date.

Because those nine motions appear to be missing from the clerk's record, **we request that the trial court clerk file a supplemental clerk's record containing those nine motions**.

We note that we did, however, locate in the clerk's record filed in this court other motions about which Appellant specifically complains. Contrary to Appellant's assertion, the following motions are *not* missing from the appellate record: Appellant's "Motion to Request Copy of Rome[o] Guerrero['s] . . . Body Cam and Dash Cam also 3D Scan, and [Deputy] Sheriff Minjarez Dash Cam," Appellant's "Request to Allow Sheriff's Office of any County in Texas Personnel to Photograph said Victim Officer Matthew Zalewski[']s Tattoos," Appellant's "Motion for 5 Teletypes Felony Warrant's of 4-29-2019 Stop by Matthew Zalewski," Appellant's second "Motion to Change Venue," and Appellant's "Motion to Require Police to Maintain and Produce Recorded Communications as well the Sheriff's and Texas Rangers in the Investigation of Case 19-5086." We have located each of these motions in the appellate record; thus, Appellant is mistaken regarding the absence of these motions from the clerk's record filed in this cause.

Next, with respect to Appellant's complaint about the reporter's record, we are unable to determine whether there are inaccuracies or omissions in the reporter's record without the aid of the trial court. We have reviewed volumes two through twenty-one of the reporter's record and have found nothing to indicate that Appellant's statements were "cut out." However, in light of Appellant's complaint, we request that the trial court conduct a hearing to determine, and clarify for this court, the following:

> Whether the reporter's record contains inaccuracies or omissions as alleged by Appellant. *See* TEX. R. APP. P. 34.6(e)(2)–(3).

3

Appellant need not appear in person at the hearing; the trial court may permit Appellant to appear through telephonic or other electronic means available to the trial court and Appellant.

Upon completion of the hearing, the trial court shall make any findings necessary to address the concerns stated in this abatement order. The trial court's findings shall be included, along with the nine missing motions mentioned above, in a supplemental clerk's record to be filed in this court on or before May 9, 2022, with a copy sent to Appellant pursuant to this court's order dated October 21, 2021. A supplemental reporter's record from the hearing shall also be prepared and filed in this court on or before May 9, 2022, with a copy sent to Appellant pursuant to this court's order dated October 21, 2021. When the supplemental records are filed in this court, we will reinstate the appeal. Appellant's brief will be due thirty days after this appeal is reinstated.

We grant in part (1) Appellant's 2nd Motion to Request Motions from Trial Court on Pretrial Hearing, filed in this court on March 11; (2) Appellant's Motion to Dispute over What Items are Missing, filed in this court on March 17; and (3) Appellant's Motion to Chief Justice Bailey under TEX. R. APP. P. 34.6(e)(3), filed in this court on March 31.

PER CURIAM

April 7, 2022

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

4